USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/06/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
DWINEL MONROE,                                               :
                                                             :
                            Plaintiff,                       :    12 Civ. 5513 (KPF)
            -v.-                                             :
                                                             :    OPINION AND ORDER
MARK MYSKOWSKY, *et al.*,                                    :
                                                             :
                            Defendants.                      :
                                                             :
------------------------------------------------------------ X

KATHERINE POLK FAILLA, District Judge:

Plaintiff Dwinel Monroe ("Monroe" or "Plaintiff"), who is proceeding *pro se* and is currently incarcerated, initiated the instant action on July 13, 2012, under 42 U.S.C. § 1983, alleging violations of his Fourth and Fourteenth Amendment rights that stemmed from his April 13, 2011 arrest.  Defendant 206 West Holding Corporation ("206 West" or "Defendant") now moves to dismiss.[1]  For the reasons discussed in this Opinion, the motion is granted.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint ("Compl." (Dkt. #2)),[2] Amended Complaint ("Am. Compl." (Dkt. #5)), and Second Amended

---

[1]  Defendant John Baisley, the front desk clerk at the Camden Residential Hotel at the time of Plaintiff's arrest, is deceased.  (*See* Def. Br. 2).  Defendant 206 West learned that Baisley does have an estate, but that his estate has never been served in connection with this action.  (*Id.*).  Even so, Defendant 206 West moves on behalf of its former employee as the arguments applicable to it are equally applicable to Baisley's estate.  In response, Plaintiff notes that he "still would like to know who I am to serve in the case of John Baisley."  (Pl. Notice of Motion 3 (Dkt. #43)).  However, the time for service has passed, and for the reasons discussed herein, Plaintiff has failed to state a claim against Defendant Baisley.  *See* Fed. R. Civ. P. 4(m).

[2]  References to the materials filed by Plaintiff include the pagination imposed by the Court's electronic case filing ("ECF") system.

Complaint ("SAC" (Dkt. #11)), as well as matters of public record of which the Court may permissibly take judicial notice,[3] including the April 13, 2011 Arrest Report ("Arrest Report," annexed as Exhibit C to the Supplemental Declaration of Steven T. Sledzik (Dkt. #46)) and the Certificate of Disposition issued by the New York County Criminal Court for Docket Number 2011NY026954 ("Certificate of Disposition," annexed as Exhibit B to the Supplemental Declaration of Steven T. Sledzik).

### A. The April 13, 2011 Arrest

In April 2011, Plaintiff was a resident at the Camden Residential Hotel (the "Hotel"), located at 206 West 96th Street in Manhattan. The Hotel is a single room occupancy hotel for "HIV clients." (Compl. 3). Defendant 206 West owns the Hotel. (SAC 2). Defendant John Baisley worked at the Camden Residential Hotel at the time of the incident. (*Id.*). Plaintiff alleges alternatively that Baisley was a "desk clerk" (Am. Compl. 2-3), or a "Security Officer" (SAC 3).

Plaintiff alleges that while he was in his room, at around 1:00 a.m. on April 13, 2011,

---

[3]   The Court may consider matters of which judicial notice may be taken under Fed. R. Evid. 201, including public records such as arrest reports, indictments, and criminal disposition data. *See Kramer* v. *Time Warner Inc.*, 937 F.2d 767, 773-75 (2d Cir. 1991) (holding that the Court may consider matters of which judicial notice may be taken under Fed. R. Evid. 201); *see also Awelewa* v. *New York City*, No. 11 Civ. 778 (NRB), 2012 WL 601119, at *2 (S.D.N.Y. Feb. 23, 2012) (judicial notice may be taken of arrest reports, criminal complaints, indictments, and criminal disposition data) (citing *Wims* v. *New York City Police Dep't*, No. 10 Civ. 6128 (PKC), 2011 WL 2946369, at *2 (S.D.N.Y. July 20, 2011)). Where the Court takes judicial notice, it does so "in order to determine what statements [the public records] contained ... not for the truth of the matters asserted." *Roth* v. *Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (internal quotation marks and emphases omitted) (quoting *Kramer*, 937 F.3d at 774).

>the Camden Hotel Security Officer [John Baisley] … opened the room of the plaintiff with a master key without the consent to do so and upon opening the room door of the plaintiff Police Officers Mark Myskowsky, Brian Leyden and Officer Ganz entered the room of the plaintiff to conduct a search of the plaintiff[.]

(SAC 4). Plaintiff was "handcuffed and placed under arrest and was then removed from his room. (*Id.*). "[U]pon entering the hallway outside his room, he was identified as a person that had committed a crime earlier that day." (*Id.* at 4). The New York City Police Department ("NYPD") officers did not have a warrant to search Plaintiff's hotel room. (*Id.* at 5).

The Arrest Report states that Plaintiff and another person attempted to rob a man of his wallet near the intersection of 96th Street and Broadway in Manhattan, and that Plaintiff placed the victim in a rear chokehold while the other person tried to grab the victim's wallet from his pants, ripping the victim's pants in the process. (Arrest Report 1). The Report alleges that both perpetrators fled after a witness yelled at them to stop, and that Plaintiff fled to the third floor of the Hotel. (*Id.*). Plaintiff was identified as a perpetrator by both the victim and the witness in a show-up in the hallway of the third floor of the Hotel. (*Id.*). Plaintiff was arrested thereafter and charged with robbery in the second degree and criminal possession of stolen property in the fifth degree. (*Id.*).

B.  **The Disposition of the Criminal Case**

The Certificate of Disposition reveals that Plaintiff was convicted on February 1, 2012, of attempted robbery in the second degree, in violation of New York Penal Law § 110-160.10, after a jury trial. (Certificate of

Disposition). Plaintiff was sentenced to a term of seven years in prison, and is currently serving out that sentence at the Riverview Correctional Facility in Ogdensburg, New York. (Am. Compl. 2; Certificate of Disposition).

### C. The Instant Action

Plaintiff filed the instant action on July 13, 2012, alleging violations of his Fourth and Fourteenth Amendment rights by Defendants Camden Residential Hotel and John Baisley. (Dkt. #2). On November 13, 2012, in response to an Order to Amend (Dkt. #4), Plaintiff filed an Amended Complaint, adding as Defendants NYPD Officers Mark Myskowsky and Brian Leyden (Dkt. #5). On April 22, 2013, Plaintiff filed the SAC, bringing claims against 206 West as the owner of the Camden Residential Hotel, and against "Officer Ganz." (Dkt. #11).

This case was reassigned to the undersigned on June 14, 2013. (Dkt. #17). By July 17, 2013, Plaintiff had served all Defendants except for the estate of Defendant Baisley.[4] On August 30, 2013, Defendant 206 West filed a motion to dismiss, on its own behalf and on behalf of Defendant Baisley. (Dkt. #35). Plaintiff timely filed an opposition (Dkt. #42), and the motion was fully briefed as of the filing of Defendant's reply (Dkt. #45).[5]

---

[4]  Officers Leyden, Ganz, and Myskowsky (the "Officer Defendants") are named as Defendants herein but are not parties to this motion.

[5]  On November 23, 2013, Plaintiff filed a submission consisting of a letter and a proposed Complaint (the "Proposed Fourth Amended Complaint" or "Proposed FAC"). (Dkt. #47). In the letter, Plaintiff took issue with Defendant 206 West's filing of a supplemental declaration in further support of its motion to dismiss, and asked the Court to review "a courtesy copy of my [] complaint" that will "be filed after the New Year." (Dkt. #46, 47). The proposed Complaint alleged various claims, including, *inter alia,* under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12010-12213, against the City of New York and other municipal defendants in connection with the events underlying the

Plaintiff moved to amend the SAC while the motion to dismiss was being briefed, seeking to add German Montes as a defendant (the "proposed Third Amended Complaint" or "Proposed TAC"). (Dkt. #39). The Court held that motion in abeyance pending its consideration of the motion to dismiss. (Dkt. #41). The Court now considers Defendant's motion to dismiss and Plaintiff's motion to amend in tandem.

## DISCUSSION

**A.   Applicable Law**

When considering a motion under Rule 12(b)(6), the Court should "draw all reasonable inferences in Plaintiff's favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." Fed. R. Civ. P. 12(b)(6); *Faber* v. *Metropolitan Life*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Selevan* v. *N.Y. Thruway Auth.*, 548 F.3d 82, 88 (2d Cir. 2009)). A plaintiff is entitled to relief if he alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 570 (2007); *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) ("[W]hile *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to nudge [plaintiff's] claims across the line from conceivable to plausible." (internal quotation marks omitted) (citing *Twombly,* 550 U.S. at 570)). The

---

instant action; none of these defendants have been named in Plaintiff's prior complaints. Per the Court's December 30, 2013 Order (Dkt. #52), the Court will consider Defendant 206 West's supplemental declaration insofar as it contains publicly available documents, such as arrest reports and criminal disposition data, of which the Court may permissibly take judicial notice, *see* n.3, *supra*.

Court is not, however, bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon* v. *Hennenman*, 517 F.3d 140, 149 (2d Cir. 2008) (quoting *Smith* v. *Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002)).

"[C]ourts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz* v. *Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks omitted) (citing *Graham* v. *Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)); *accord McPherson* v. *Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos* v. *Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). However, the liberal pleading standard accorded to *pro se* litigants "is not without limits, and all normal rules of pleading are not absolutely suspended." *Stinson* v. *Sheriff's Department*, 499 F. Supp. 259, 262 (S.D.N.Y. 1980).

**B.   Application**

Plaintiff brings his claims under Section 1983, which establishes liability for deprivation, under the color of state law, "of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. In particular, Plaintiff alleges violations of his Fourth and Fourteenth Amendment rights in connection with his April 13, 2011 arrest.

### 1.   Plaintiff Has Pled a Viable Fourth Amendment Claim

Plaintiff asserts that his Fourth Amendment rights were violated when Defendant Baisley opened the door to Plaintiff's hotel room so that the Officer Defendants could enter it "without a valid search warrant and without consent

of the plaintiff to do so." (SAC 1).  Plaintiff alleges that his subsequent arrest was also in violation of his Fourth and Fourteenth Amendment rights "against illegal search and seizures and equal protection of laws." (*Id.*).  The Court construes these allegations as claims for illegal entry of Plaintiff's hotel room and false arrest.

Before considering whether Plaintiff has sufficiently alleged underlying constitutional violations, the Court must evaluate whether Plaintiff's Section 1983 claims are barred by his conviction for attempted robbery.  *See Heck* v. *Humphrey*, 512 U.S. 477 (1994).  Generally speaking, a plaintiff alleging a claim under Section 1983 is barred from recovery if an award would imply the invalidity of that plaintiff's conviction.  *See Younger* v. *City of New York*, 480 F. Supp. 2d 723, 730 (S.D.N.Y. 2007) (dismissing plaintiff's claims for false arrest, false imprisonment, and malicious prosecution because, if successful, they would render plaintiff's conviction invalid).  Plaintiff has not shown that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-87.

"Fourth Amendment claims for unlawful arrest, such as [Plaintiff] alleges, do not ordinarily fall within the *Heck* rule, since a finding for the plaintiff would not necessarily 'demonstrate the invalidity of any outstanding criminal judgment against the plaintiff,' […] at least unless the conviction was dependent on evidence obtained as a result of the arrest." *Fifield* v.

*Barrancotta*, 353 F. App'x 479, 480-81 (2d Cir. 2009) (summary order) (vacating a grant of summary judgment where the factual record was insufficient to determine whether anything obtained as a result of the allegedly unlawful arrest was essential to plaintiff's subsequent conviction (citing *Covington* v. *City of New York*, 171 F.3d 117, 123 (2d Cir. 1999))); *see generally Poventud* v. *City of New York*, — F.3d —, No. 12-1011-cv, 2014 WL 182313, at *8 (2d Cir. Jan. 16, 2014) (en banc) ("many violations of constitutional rights, even during the criminal process, may be remedied without impugning the validity of the conviction"). Thus, *Heck* does not bar actions where a plaintiff's conviction was based on evidence other than the evidence gained from the allegedly unlawful arrest. *Fifield*, 353 F. App'x at 480-81 (holding that "a finding that an arrest was made without probable cause, or that a warrantless entry into the home was made to effect an arrest, would not necessarily call into question the validity of a plaintiff's eventual conviction unless the evidence underlying the conviction was the fruit of such unlawful actions"); *Rivera* v. *City of New York*, No. 10 Civ. 1047 (LTS) (GWG), 2011 WL 5979210, at *3 (S.D.N.Y. Nov. 30, 2011) (denying a motion to dismiss in part where the unlawful arrest did not yield evidence necessary to sustain the plaintiff's conviction).

    Plaintiff's various complaints are silent as to whether his conviction was based upon evidence other than that gained from the unlawful search. However, Plaintiff alleges in his opposition papers that the warrantless search of his hotel room and his subsequent arrest were excluded from his criminal

trial under *Payton* v. *New York*, 445 U.S. 573 (1980), yet Plaintiff was still convicted. (Pl. Opp. 5). While the Court ordinarily may not consider factual allegations contained in opposition papers to a motion to dismiss, *see Friedl* v. *City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000), a number of courts have done just that where the *pro se* plaintiff's new allegations are consistent with those contained in his complaint. *See, e.g.*, *Gill* v. *Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering allegations in *pro se* plaintiff's affidavit submitted in opposition to motion to dismiss); *Braxton* v. *Nichols*, No. 08 Civ. 8568 (PGG), 2010 WL 1010001, at *1 (S.D.N.Y. Mar. 18, 2010) ("[A]llegations made in a *pro se* plaintiff's memorandum of law, *where they are consistent with those in the complaint,* may also be considered on a motion to dismiss." (emphasis added)); *Williams* v. *Koenigsmann,* No. 03 Civ. 5267 (SAS), 2004 WL 315279, at *1 n.1 (S.D.N.Y. Feb. 18, 2004) ("'The policy reasons favoring liberal construction of pro se pleadings warrant the Court's consideration of the allegations contained in plaintiff's memorandum of law, *at least where those allegations are consistent with the allegations in the complaint.*'" (emphasis added) (citing *Donahue* v. *U.S. Dep't of Justice,* 751 F. Supp. 45, 49 (S.D.N.Y. 1990))). The Court will consider Plaintiff's new allegations in this regard because they are not inconsistent with those contained in Plaintiff's various complaints, and because they demonstrate that Plaintiff's conviction was based upon evidence other than that obtained as a result of the illegal search.

Having determined that Plaintiff's claims are not barred by *Heck*, the Court next considers whether Plaintiff has adequately alleged claims under the

Fourth Amendment. Plaintiff claims a Fourth Amendment violation for the warrantless entry into his hotel room. "Warrantless entries, including entries into hotel rooms, are presumptively unreasonable under the Fourth Amendment." *United States* v. *Emanus*, 391 F. App'x 66, 67 (2d Cir. 2010) (summary order) (citing *Payton*, 445 U.S. at 586; *Stoner* v. *California*, 376 U.S. 483, 490 (1964)). "[T]o overcome the presumption of unreasonableness, officers must show both that there was probable cause to believe a crime was being committed or evidence of a crime would be found, and that exigent circumstances justified warrantless entry." *Id.* (citing *Kirk* v. *Louisiana*, 536 U.S. 635, 638 (2002) (per curiam)). As the record stands, the Court sees no reason to disagree with what Plaintiff alleges to be the state trial court's finding that that the warrantless entry into Plaintiff's hotel room, and the seizure of Plaintiff in that hotel room, violated his Fourth Amendment rights.[6]

---

[6]  In holding that 206 West and Baisley are private actors not subject to suit here, the Court need not reach the issue of whether Plaintiff's Fourth Amendment claim is viable only for the period of time between the unlawful entry and the moment when his arrest was supported by probable cause. The Court notes, however, that "[t]he fruit of the poisonous tree doctrine is inapplicable to civil actions arising under § 1983, and courts need not ignore evidence recovered as the result of an unlawful search when evaluating claims for damages." *Richardson* v. *City of New York*, No. 11 Civ. 2320 (LGS), 2013 WL 6476818, at *5 (S.D.N.Y. Dec. 10, 2013) (citing *Townes* v. *City of New York*, 176 F.3d 138, 145-149 (2d Cir. 1999) (holding that while defendants lacked probable cause for the initial search and seizure, there was probable cause for the plaintiff's arrest once handguns were discovered)); *Nieves* v. *New York City Police Dep't*, No. 07 Civ. 5751 (SAS), 2010 WL 330205, at *3 (S.D.N.Y. Jan. 26, 2010) (finding plaintiff's false arrest claim viable only for the period between his initial arrest, which arguably lacked probable cause, and the discovery of narcotics).

Probable cause is a complete defense to a claim of false arrest. "Generally, when an officer is advised of a crime by a victim or an eyewitness, probable cause exists." *Russell* v. *Eighty Fourth Precinct*, No. 03 Civ. 6179 (JBW), 2004 WL 2504646, at *3 (E.D.N.Y. Nov. 8, 2004) (citing *Martinez* v. *Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000)). If, after arrest, a plaintiff is convicted of any of the charges against him, that conviction is generally "'conclusive evidence of probable cause.'" *Weyant* v. *Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (quoting *Broughton* v. *State*, 37 N.Y.2d 451, 458 (1975)). Plaintiff alleges that he was identified "as a person who had committed a crime that day" upon

In sum, Plaintiff has sufficiently alleged a Fourth Amendment violation. Even still, as discussed *infra*, Defendants Baisley and 206 West are not liable for this violation because they were private actors.

### 2. Plaintiff Has Not Pled a Viable Fourteenth Amendment Claim

Plaintiff has failed to allege any facts sufficient to state a claim under the Fourteenth Amendment, and has included only one clause, repeated several times, linking the facts alleged in the Complaint to the Fourteenth Amendment. (SAC 4, 5, 6). As a result, that claim is dismissed. *See, e.g., Brandon* v. *City of New York*, 705 F. Supp. 2d 261, 268-69 (S.D.N.Y. 2010) ("Such general allegations, without supporting facts other than a clause incorporating an entire complaint by reference, are insufficient to withstand even a motion to dismiss because they do not give 'fair notice of what the claim is and the grounds upon which it rests.'").

### 3. Defendants 206 West and Baisley Are Private Actors Against Whom a § 1983 Claim Cannot Be Brought

Defendants 206 West and John Baisley are not state actors, and thus can only be liable under § 1983 if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad.* v. *Tenn. Secondary Sch.*

---

exiting his hotel room; the Arrest Report indicates that Plaintiff was identified by the victim and a witness in the hallway of the third floor of the Hotel. (SAC 4; Arrest Report 1). The Court may not consider the statement contained in the Arrest Report for the truth of the matter asserted, *Kramer*, 937 F.3d at 774, and is limited to Plaintiff's factual allegations, which are silent as to *who* identified him. However, it is worth noting that if Plaintiff was identified by the victim upon exiting his hotel room, then his Fourth Amendment claim would be viable only for the period between the unlawful entry and the victim's identification. Plaintiff's conviction for attempted robbery further underscores the probable cause that existed for his arrest. (*See* Certificate of Disposition).

*Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotations and citation omitted).

Plaintiff has failed to allege — in any of his various complaints — any facts demonstrating that the Camden Residential Hotel and the NYPD acted pursuant to a pre-established policy to effectuate warrantless entries. In the SAC, which is the operative complaint, Plaintiff alleges only that 206 West "condones" the NYPD's warrantless entries into 206 West's clients' hotel rooms. (SAC 6; *see also id.* at 5 (alleging that Defendant Baisley "acted in concert" with the NYPD when he opened the door to Plaintiff's room); Am Compl. 5 (stating that the Hotel "condones this type of procedure and is common practice of opening doors for police to conduct searches of residences without consent nor a warrant to search"). Plaintiff's conclusory assertions do not suffice. *Ciambriello* v. *Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002). Rather, Plaintiff "must allege facts demonstrating that private actors and agents of the state 'carried out a deliberate, previously agreed upon plan,' or that their actions 'constitute[d] a conspiracy or meeting of the minds.'" *Gordon* v. *City of New York*, No. 10 Civ. 5148 (CBA) (LB), 2012 WL 1068023, at *11 (E.D.N.Y. Mar. 29, 2012) (citing *Dahlberg* v. *Becker*, 748 F.2d 85, 92 (2d Cir. 1984))*; see generally Tancredi* v. *Met. Life Ins. Co.*, 316 F.3d 308, 313 (2d Cir. 2003) ("State action may properly be found where the state exercises coercive power over, is entwined in [the] management or control of, or provides significant encouragement, either overt or covert to, a private actor, or where the private actor operates as a willful participant in joint activity with the State or its

12

agents, is controlled by an agency of the State, has been delegated a public function by the state, or is entwined with governmental policies." (internal citations and quotation marks omitted)).

Plaintiff has made no such showing. Plaintiff's various complaints contain nothing more than conclusory assertions of cooperation or "common practice" that are unsupported by any factual allegations, and thus do not establish that 206 West acted under color of state law.[7] *See Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted) (quoting *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009))).

Plaintiff has also failed to state a claim against Defendant Baisley. "Generally, the acts of private security guards … do not constitute state action under § 1983." *Guiducci* v. *Kohl's Dep't Stores*, 320 F. Supp. 2d 35, 37 (E.D.N.Y. 2004) (collecting cases (internal citation omitted)); *see also Bishop* v.

---

[7] As discussed *supra*, Plaintiff submitted two proposed amended complaints to the Court during the pendency of this motion. It would be patently inappropriate and unfair for the Court to adjudge the sufficiency of the SAC in light of the novel allegations contained in Plaintiff's two new complaints, both of which were submitted after Defendant's motion to dismiss was filed, and one of which does not even name 206 West or Baisley as defendants. *See Stinson*, 499 F. Supp. at 262 (the liberal pleading standard accorded to *pro se* litigants "is not without limits, and all normal rules of pleading are not absolutely suspended"). Yet even if the Court were to "suspend the rules of pleading" in an attempt to raise *pro se* Plaintiff's strongest arguments — which it will not do — it is worth noting that the allegations contained therein actually undermine Plaintiff's allegations of "common policy" here. Specifically, Plaintiff alleges in the proposed FAC that a similar incident occurred at the Hotel in 2005, but acknowledges that during that earlier incident, Plaintiff instructed the NYPD to come back with a warrant before entering his hotel room, which the NYPD then did. (Proposed FAC 11-12).

*Toys "R" Us – NYC, LLC*, 414 F. Supp. 2d 385, 396 (S.D.N.Y. 2006).  Plaintiff alleges that Baisley was a "Security Officer" (SAC 2) or a "desk clerk" (Am. Compl. 2-3); Defendant contends that Baisley was a night clerk who occasionally performed security functions at the hotel, but was not trained as a security guard (Def. Br. 9).  Yet the difference is immaterial because even assuming Baisley was a security guard, Plaintiff has nonetheless failed to state a claim against him.

"Private security guards have been found to be state actors in two circumstances: 'First, private guards may be sued when they are given the authority of state law. Second, security guards are considered to be acting under state law if they are willful participants in the joint activity of the State or its agents.'" *Bishop* v. *Best Buy, Co. Inc.*, No. 08 Civ. 8427 (LBS), 2010 WL 4159566, at *8 (S.D.N.Y. Oct. 13, 2010) (quoting *Guiducci,* 320 F. Supp. 2d at 37), *on reconsideration,* No. 08 Civ. 8427 (LBS), 2011 WL 4011449 (S.D.N.Y. Sept. 8, 2011), *aff'd sub nom. Bishop* v. *City of New York,* 518 F. App'x 55 (2d Cir. 2013) (summary order).

Plaintiff can establish neither element.  First, Plaintiff has not alleged that Baisley was given the authority of state law or deputized.  *Cf. Rojas* v. *Alexander's Dept. Store, Inc.*, 654 F. Supp. 856, 858 (E.D.N.Y. 1986) (finding that a store security detective was a state actor, where the detective was deputized as a special patrolman, and had handcuffed and arrested the plaintiff).  Second, Plaintiff has not alleged that Baisley was a willful participant in the arrest, only that he cooperated with police.  Baisley did not handcuff or

arrest Plaintiff.  (SAC 5).  Baisley only "opened the door [to Plaintiff's hotel room] with a master key."  (*Id.* at 4).  And "'general allegations of cooperation' between private individuals and specific state agents do not make out a claim of action taken under color of state law."  *Puglisi* v. *Underbill Park Taxpayer Assoc.*, 947 F. Supp. 673, 706 (S.D.N.Y. 1996) (quoting *Singer* v. *Bell*, 613 F. Supp. 198, 202 (S.D.N.Y. 1985)).  Plaintiff has failed to allege that either Baisley or 206 West were anything but private entities; as such, he has failed to state a claim for Section 1983 liability.[8]

---

[8]  Plaintiff has failed to state a claim against German Montes, the alleged manager of the Hotel, for the same reasons that he has failed to state a claim against Baisley.  Plaintiff alleges that Montes gave Baisley permission to open Plaintiff's door. (Proposed TAC 5). Plaintiff has not alleged that Montes had any further involvement in the incident, for instance by participating in the arrest of Plaintiff.  Having found that Baisley's actions did not rise to the level of state action, it follows that Montes' actions too did not rise to the level of state action.  As such, it would be futile to grant Plaintiff leave to amend. *See Foman* v. *Davis*, 371 U.S. 178, 182 (1962) (holding that leave to amend should be "freely given," but not if amendment would be futile).

## CONCLUSION

For the reasons discussed in this Opinion, it would be futile to grant Plaintiff leave to file the proposed Third Amended Complaint. As such, Plaintiff's motion to amend is DENIED. The Clerk of Court is directed to terminate Docket Entry 39.

For the reasons discussed throughout this Opinion, Defendant 206 West's motion to dismiss, filed on behalf of itself and Defendant John Baisley, is GRANTED. The Clerk of Court is directed to terminate Docket Entry 35.

SO ORDERED.

Dated: February 6, 2014
      New York, New York

                                          KATHERINE POLK FAILLA
                                          United States District Judge

*A copy of this order was mailed by Chambers to:*
```
Dwinel Monroe
12-R-0759
1110 Tibbits Drive, P.O. Box 158
Ogdensburg, NY 13669
```