UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dwinel Monroe,<br><br>    Plaintiff,<br><br> - against -<br><br>Mark Myskowsky,<br>Brian Leyden,<br>Michael Ganz, and<br>The City of New York,<br><br>    Defendants. | CASE NO. 12 Civ. 5513 (KPF)<br><br>**THIRD AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff Dwinel Monroe, by his attorneys Kirkland & Ellis LLP, for his Third Amended Complaint, alleges as follows:

## NATURE OF THIS ACTION

1. This is an action at law to redress an unwarranted intrusion and trespass into Plaintiff's home and an unlawful arrest. The Individual Defendants entered Plaintiff's apartment without a warrant and arrested him without probable cause, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments and New York State law. As a result of the Individual Defendants' wrongful conduct, Mr. Monroe has suffered not only the violation of his constitutional rights, but also an invasion of his right to be secure in his home.

2. This is also an action to recover monetary damages from the wrongdoers who are responsible for the injuries inflicted upon Plaintiff and the deprivation of his rights secured under the Constitution, laws of the United States, and laws of New York State.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1983. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the actions which gave rise to this complaint occurred in this judicial district.

## COMPLIANCE WITH NOTICE OF CLAIM REQUIREMENTS FOR STATE LAW CLAIMS

5. Mr. Monroe served a Notice of Claim (Claim No. 2011PI024358) upon Defendant City of New York with regard to the acts, injuries, and damages described herein, within ninety days after the claims arose, in compliance with New York General Municipal Law Section 50-e. In the Notice of Claim, Mr. Monroe named Defendants Myskowsky, Leyden, and Ganz as parties who unlawfully entered his home without a warrant or probable cause.

6. At least thirty days have elapsed since the service of such Notice of Claim and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff Dwinel Monroe is currently an inmate at Riverview Correctional Facility in Ogdensburg, New York. During the time period relevant to this action, Mr. Monroe lived in an apartment at the Camden Residential Hotel, located at 206 West 95th Street, New York, New York.

8. At all times relevant to this action, Defendant Mark Myskowsky was an Officer of the New York City Police Department, Shield Number 12204. Defendant Myskowsky is sued in his individual capacity.

9. At all times relevant to this action, Defendant Brian Leyden was an Officer of the New York City Police Department, Shield Number 24690. Defendant Leyden is sued in his individual capacity.

10. At all times relevant to this action, Defendant Michael Ganz was an Officer of the New York City Police Department, Shield Number 04821. Defendant Ganz is sued in his individual capacity.

11. Defendants Myskowsky, Leyden, and Ganz are referred to collectively as the "Individual Defendants." The Individual Defendants were acting under color of state law at all times relevant to this complaint.

12. Defendant City of New York ("City") is a municipal corporation which, through its City Police Department, employs the Individual Defendants.

## BACKGROUND

13. On or about April 13, 2011, Mr. Monroe lived in an apartment at the Camden Residential Hotel at 206 West 95th Street, New York, New York.

14. On or about April 13, 2011 at approximately 1:00 a.m., Mr. Monroe was lying in bed in his apartment, room 3A6.

15. On or about April 13, 2011, at approximately 1:00 a.m., Mr. Monroe heard a loud banging noise on the door to his apartment room. Feeling nervous, Mr. Monroe did not open the door.

16. After hearing the banging on his door, Mr. Monroe went to the door to see if he could determine who had banged on it.

17. Mr. Monroe heard voices outside of his apartment, and stood behind his door in such a way that, if it were to be opened, he would be behind the door and not immediately visible to the entrant.

18. Mr. Monroe next heard the sound of a key in his lock; the door opened and Officers Ganz and Leyden entered Mr. Monroe's room.

19. The Individual Defendants were accompanied to the door of Mr. Monroe's apartment by John Baisley, who was employed by the Camden Residential Hotel as a Security Officer.

20. Mr. Baisley opened the door with a master key, at the Individual Defendants' request.

21. The Individual Defendants did not have a warrant to enter Mr. Monroe's apartment.

22. At no point did Mr. Monroe consent to Individual Defendants or Mr. Baisley entering his apartment.

23. While Mr. Monroe stood behind the door in his underwear, the Individual Defendants entered and conducted a full search of the apartment.

24. At least one Defendant searched under Mr. Monroe's bed.

25. After conducting a search of Mr. Monroe's apartment, the Individual Defendants located Mr. Monroe behind the door. The Individual Defendants then placed Mr. Monroe in handcuffs, arrested him, and brought him into the apartment hallway.

26. Once Mr. Monroe was outside of his apartment and in the hallway, the Individual Defendants showed Mr. Monroe to [redacted], a visiting tourist from India.

27. [redacted] identified Mr. Monroe as a person who had committed a crime earlier that day.

28. Mr. Monroe was charged with committing that crime, and was later convicted.

## CLAIMS

### COUNT I - Warrantless and Unjustified Entry into Plaintiff's Home
### 42 U.S.C. § 1983, Fourth and Fourteenth Amendments
### (Against the Individual Defendants)

29. Mr. Monroe re-alleges and incorporates paragraphs 1-28 as if fully set forth herein.

30. The Individual Defendants never secured a warrant to enter Mr. Monroe's apartment, and Mr. Monroe never consented to their entry.

31. The Individual Defendants had no justification to enter Mr. Monroe's apartment without a warrant.

32. There were no exigent circumstances that justified the warrantless intrusion into Mr. Monroe's apartment.

33. The Individual Defendants knew or should have known that they were under a constitutional obligation to secure a warrant before entering Mr. Monroe's apartment.

34. As a direct and proximate result of the Individual Defendants' conduct, Mr. Monroe's rights under the United States Constitution and New York State law were violated and he suffered injuries, including but not limited to emotional distress and a sense of personal violation.

### COUNT II - Warrantless and Unjustified Search of Plaintiff's Home
### 42 U.S.C. § 1983, Fourth and Fourteenth Amendments
### (Against the Individual Defendants)

35. Mr. Monroe re-alleges and incorporates paragraphs 1-34 as if fully set forth herein.

36. The Individual Defendants never secured a warrant to search Mr. Monroe's apartment, and Mr. Monroe never consented to their entry.

37. The Individual Defendants had no justification to search Mr. Monroe's apartment without a warrant.

38. There were no exigent circumstances that justified the warrantless search of Mr. Monroe's apartment.

39. The Individual Defendants knew or should have known that they were under a constitutional obligation to secure a warrant before searching Mr. Monroe's home.

40. As a direct and proximate result of the Individual Defendants' conduct, Mr. Monroe's rights under the United States Constitution and New York State law were violated and he suffered injuries, including but not limited to emotional distress and a sense of personal violation.

### COUNT III - False Arrest
### 42 U.S.C. § 1983, Fourth and Fourteenth Amendments
### (Against the Individual Defendants)

41. Mr. Monroe re-alleges and incorporates paragraphs 1-40 as if fully set forth herein.

42. The Individual Defendants did not have probable cause or a warrant to arrest Mr. Monroe when they entered his apartment and arrested Mr. Monroe.

43. The Individual Defendants restrained Mr. Monroe and put him under arrest inside his apartment before bringing him outside into the hallway where they performed a show-up identification procedure.

44. The Individual Defendants intended to confine Mr. Monroe.

45. Mr. Monroe was conscious of the confinement.

46. Mr. Monroe did not consent to the confinement.

47. The confinement was not otherwise privileged.

48. As a direct and proximate result of the Individual Defendants' conduct, Mr. Monroe's rights under the United States Constitution and New York State law were violated and he suffered injuries, including but not limited to emotional and physical distress, and conviction of the underlying offense.

### COUNT IV - Trespass
### New York State Law
### (Against All Defendants)

49. Mr. Monroe re-alleges and incorporates paragraphs 1-48 as if fully set forth herein.

50. Through physical force, the Individual Defendants intentionally entered into Mr. Monroe's apartment.

51. The Individual Defendants consciously intended to enter Mr. Monroe's apartment without first securing his consent.

52. The Individual Defendants' conduct was willful, wanton, and in reckless disregard of Mr. Monroe's rights.

53. By such conduct the Individual Defendants intentionally interfered with Mr. Monroe's possessory interest in his property.

54. During all times relevant and material to this case, the Individual Defendants were acting as employees/agents of Defendant City of New York, and therefore Defendant City of New York is responsible for the actions of the individual Defendants under the *respondeat superior* theory.

### COUNT V - False Arrest
### New York State Law
### (Against All Defendants)

55. Mr. Monroe re-alleges and incorporates paragraphs 1-54 as if fully set forth herein.

56. The Individual Defendants did not have probable cause or a warrant to arrest Mr. Monroe when they entered his apartment and arrested Mr. Monroe.

57. The Individual Defendants restrained Mr. Monroe and put him under arrest inside his apartment before bringing him outside into the hallway where they performed a show-up identification procedure.

58. The Individual Defendants intended to confine Mr. Monroe.

59. Mr. Monroe was conscious of the confinement.

60. Mr. Monroe did not consent to the confinement.

61. The confinement was not otherwise privileged.

62. As a direct and proximate result of Individual Defendants' conduct, Mr. Monroe suffered injuries, including but not limited to emotional and physical distress, and conviction of the underlying offense.

63. During all times relevant and material to this case, the Individual Defendants were acting as employees/agents of Defendant City of New York, and therefore Defendant City of New York is responsible for the actions of the individual Defendants under the *respondeat superior* theory.

### COUNT VI - False Imprisonment
### New York State Law
### (Against All Defendants)

64. Mr. Monroe re-alleges and incorporates paragraphs 1-63 as if fully set forth herein.

65. The Individual Defendants did not have probable cause or a warrant to arrest Mr. Monroe when they entered his apartment and arrested Mr. Monroe.

66. The Individual Defendants unlawfully restrained Mr. Monroe's freedom of movement.

67. The Individual Defendants intended to confine Mr. Monroe.

68. Mr. Monroe was conscious of the confinement.

69. Mr. Monroe did not consent to the confinement.

70. The confinement was not otherwise privileged.

71. As a direct and proximate result of Individual Defendants' conduct, Mr. Monroe suffered injuries, including but not limited to emotional and physical distress.

72. During all times relevant and material to this case, the Individual Defendants were acting as employees/agents of Defendant City of New York, and therefore Defendant City of New York is responsible for the actions of the individual Defendants under the *respondeat superior* theory.

### COUNT VII - Assault and Battery
### New York State Law
### (Against All Defendants)

73. Mr. Monroe re-alleges and incorporates paragraphs 1-72 as if fully set forth herein.

74. The Individual Defendants' arrest of Mr. Monroe in his apartment was unlawful.

75. Prior to arresting Mr. Monroe, the Individual Defendants' placed Mr. Monroe in reasonable fear of imminent harmful or offensive bodily contact.

76. The Individual Defendants' used physical force against Mr. Monroe in order to restrain him and place him under arrest.

77. Mr. Monroe did not consent to this use of physical force.

78. This use of physical force was unwelcome and harmful to Mr. Monroe.

79. As a direct and proximate result of the Individual Defendants' conduct, Mr. Monroe suffered physical harm.

80. During all times relevant and material to this case, the Individual Defendants were acting as employees/agents of Defendant City of New York, and therefore Defendant City of New York is responsible for the actions of the individual Defendants under the *respondeat superior* theory.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff Dwinel Monroe respectfully requests that this Court:

(a) Award compensatory damages in an amount, to be determined at trial, that would adequately compensate Plaintiff for his constitutional, emotional, possessory, and physical injuries, jointly and severally against the Defendants;

(b) Award punitive damages in an amount amount, to be determined at trial, sufficient to punish each Individual Defendant and deter others like them from repeating such unlawful conduct, jointly and severally against the Defendants;

(c) Order Defendants to pay Mr. Monroe's costs, pursuant to 42 U.S.C. § 1988; and

(d) Grant such other relief as this Court deems equitable, just, and proper.

## JURY DEMAND

Plaintiff Dwinel Monroe hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 28(b) on all issues so triable.

Dated: July 31, 2014

                                                                                     Geoffrey David
                                                                                     KIRKLAND & ELLIS LLP
                                                                                     601 Lexington Avenue
                                                                                     New York, New York 10022
                                                                                     Telephone: (212) 446-4800
                                                                                     Facsimile: (212) 446-4900
                                                                                     E-mail: gdavid@kirkland.com

                                                                                     *Attorney for Dwinel Monroe*